IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RYAN FLEENOR, | ) | |
| | ) | 2:10-cv-01302-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER SUA SPONTE REMANDING |
| | ) | CASE |
| COMMUNITY ONE FINANCIAL; DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; U.S. BANK, N.A., DSL SERVICE COMPANY; FCI LENDER SERVICES, Inc.; AND DOES 1-50, inclusive, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case will be remanded *sua sponte* to the Superior Court of California, County of Sacramento, from which it was removed since this Court lacks subject matter jurisdiction over Plaintiff's complaint and removal was improper. "A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear." Cortes v. Bank of Am., N.A., No. CV 09-7457 AHM (FFMx), 2009 WL 4048861, at *1 (C.D. Cal. Nov. 20, 2009) (citations omitted); see also Cooper v. Washington Mutual Bank, No. C03-554 VRW, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003) (same).

Plaintiff alleges in his complaint the following fifteen claims under state law: fraud, misrepresentation, breach of fiduciary duty, breach of warranty of good faith and fair dealing, civil

conspiracy, violation of California Civil Code sections 2923.5 and 2923.6, violation of California Business and Professions Code section 17200, unconscionability, unjust enrichment, accounting, declaratory relief, set aside trustee's sale, cancellation of trustee's deed, quiet title and injunctive relief.  Defendants U.S. Bank N.A. and DSL Service Company (collectively, "Defendants"), however, removed this case to federal court on the basis of federal question jurisdiction. Defendants argue federal question jurisdiction exists since Plaintiff has "artfully [pled]" his fraud and misrepresentation claims, and his claim alleged under California Business and Professions Code section 17200 ("section 17200").

Federal courts have jurisdiction over claims "arising under" federal law.  28 U.S.C. § 1331.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 (9th Cir. 1999)).  "The [well-pleaded complaint] rule makes the plaintiff the master of [his] claim[s]; he may avoid federal jurisdiction by exclusive reliance on state law." Catepillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Further, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Lippitt v Raymond James Fin. Servs., Inc, 340 F.3d 1033, 1041 (9th Cir. 2003) (quotations and citations omitted).  Moreover, "[w]hen a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal theory -

federal question jurisdiction does not attach . . . ." <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 346 (9th Cir. 1996).

Even when "the face of [a Plaintiff's] complaint does not present a claim arising under federal law to warrant subject matter jurisdiction, [the] inquiry does not end there." <u>Lippitt</u> 340 F.3d at 1041. This is because a "corollary" to the well-pleaded complaint rule is the artful pleading doctrine, which "provides that although the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." <u>Id.</u> (quotations and citations omitted). "The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim." <u>Id.</u> (quotations and citations omitted). The doctrine "is a useful procedural sieve to detect traces of federal subject matter jurisdiction in a particular case" and is used when questioning: "whether [Plaintiff] has artfully phrased a federal claim by dressing it in state law attire." <u>Id.</u> "[C]ourts have used the artful pleading doctrine in: (1) complete preemption cases, and (2) substantial federal question cases. Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." <u>Id.</u> at 1041-42 (citations omitted). Therefore, "'[a]rising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be at issue." <u>Int'l Union of</u>

1  Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).

## I. Plaintiff's Fraud and Misrepresentation Claims Are Not Artfully Pled Federal Claims

Defendants contend Plaintiff's fraud and misrepresentation claims are artfully pled federal claims that allege violations of the federal Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). (Not. of Removal ¶¶ 5-6.)

Plaintiff alleges in his fraud claim that Defendants Downey Savings and Loan Association, F.A. ("Downey") and Community One Financial ("Community One") "committed several deceitful acts with the intention of inducing Plaintiff into proceeding with the loan transaction . . . includ[ing]: (1) encouraging Plaintiff to enter [into] the [note] while simultaneously hiding the YSP, inferior interest rates, and other unfavorable terms; [and] (2) failing to properly underwrite the [note]." (Compl. ¶ 37.) Plaintiff alleges in his misrepresentation claim that Community "made several misrepresentations to Plaintiff . . . including:(1) telling Plaintiff that he would be approved for the terms of [his] loan . . . ; (2) [Community's] failure to disclose a YSP; and (3) [Community's] failure to act in Plaintiff's best interest by placing him in a loan under which foreclosure was foreseeable and likely." (Id. ¶ 47.)

Plaintiff's fraud and misrepresentation claims do not refer to or invoke federal law, nor do they raise any substantial and disputed federal question. Therefore, these state claims are not artfully pled and do not arise under federal law. Accordingly, Plaintiff's fraud and misrepresentation claims do not confer federal question removal jurisdiction.

///

### II. Plaintiff's Section 17200 Claim is Not an Artfully Pled Federal Claim

Defendants also argue Plaintiff's section 17200 claim is an artfully pled "federal claim that pleads violations of federal statutes including TILA, RESPA and the Equal Credit Opportunity Act." (Not. of Removal ¶ 7.)

Plaintiff alleges in his section 17200 claim that Defendants engaged in "unfair competition" by violating California Civil Code sections 2923.5 and 2923.6, RESPA, TILA, the Equal Credit Opportunity Act ("ECOA"), and by not disclosing a YSP Defendant Downey allegedly paid to Defendant Community. (Compl. ¶¶ 91-95.)

However, Plaintiff's alleged violations of federal law "just shape [the] court's interpretation" of his section 17200 claim. Int'l Union of Operating Eng'rs, 559 F.3d at 1045. Further, Plaintiff's "reference to the alleged RESPA, EOCA and TILA violations" does not cause these alleged federal law violations to be a necessary element of Plaintiff's § 17200 claim "because [P]laintiff could prevail on that claim by showing any 'unlawful, unfair, or fraudulent practice' independent of the federal law allegations." Montoya v. Mortgageit Inc., No. C 09-05889 SI, 2010 WL 546891, at *3 (N.D. Cal.2010); see also California v. H *& R Block, Inc., No. C06-2058-SC, 2006 WL 2669045, at *4 (N.D. Cal. Sept. 18, 2006) (finding that incorporation of TILA violation into section 17200 claim does not confer "arising under" jurisdiction). Therefore, this claim does not confer federal question removal jurisdiction.

Since the federal court lacks jurisdiction, this case is remanded to the Superior Court of California, County of Sacramento, from which

///

1  it was removed.

2  Dated: July 21, 2010

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge